IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES SHOMAN,                          )
                                       )
            Plaintiff,                 )
                                       )
      vs.                              )   Civil Action No. 07-994
                                       )
UNITED STATES CUSTOMS AND              )
BORDER PROTECTION, AGENT               )
MICHAEL O'NEILL, individually,         )
BETH L. GOLDBERG, individually,        )
and DEPARTMENT OF HOMELAND             )
SECURITY, UNITED STATES OF             )
AMERICA,                               )
                                       )
            Defendants.                )

## MEMORANDUM OPINION

### I

In this civil action, Plaintiff, James Shoman, asserts

claims against Defendants, United States Customs and Border

Protection, Agent Michael O'Neill, Beth L. Goldberg and the

United States Department of Homeland Security, for violations of

his civil rights under 42 U.S.C. §§ 1983 and 1985(3), violation

of Article 1, §§ 1, 9 and 13 of the Pennsylvania Constitution and

tortious interference with an existing contract.  Presently

before the court is Defendants' motion to dismiss pursuant to

Fed.R.Civ.P. 12(b)(1) and 12(b)(6) or, in the alternative, motion

for summary judgment pursuant to Fed.R.Civ.P. 56.  For reasons

set forth below, Defendants' motion to dismiss will be granted.[1]

_____

[1] In light of the Court's conclusion that Defendants are entitled
                                                    (continued...)

In summary, the complaint in this case alleges the following facts:

Plaintiff, James Shoman ("Shoman"), is an adult individual residing in Belle Vernon, Pennsylvania. Defendants Customs and Border Protection ("CBP") and Department of Homeland Security ("DHS") are agencies of the United States. Defendant Agent Michael O'Neill ("O'Neill") is a Special Agent in the Pittsburgh, Pennsylvania office of CBP. Defendant Beth L. Goldberg ("Goldberg") is a Fines, Penalties and Forfeitures Officer for CBP.

A Pachislo machine is a token operated, skill stop slot machine that is legal in the Commonwealth of Pennsylvania. A Pachislo machine is not a "gambling device" as defined in 15 U.S.C. § 1171(a).[2] In 2004, Shoman was one of two distributors of Pachislo machines in the Commonwealth of Pennsylvania.

Shoman ordered 900 Pachislo machines and 100,000 tokens from a company in Japan in June 2004. The order was shipped to Shoman in two containers - 450 Pachislo machines were shipped in one

---

[1] (...continued)
to the dismissal of the claims in this case under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), Defendants' alternative motion for summary judgment under Fed.R.Civ.P. 56 will be denied as moot.

[2] To qualify as a "gambling device" under 15 U.S.C. § 1171(a), the machine or mechanical device in question must contain an "element of chance" which may entitle the operator to money or property.

2

container and 450 Pachislo machines and the tokens were shipped in the other container. Upon arrival in Pittsburgh, Pennsylvania in August 2004, the 900 Pachislo machines and 100,000 tokens were confiscated by CBP and DHS agents.

On August 27, 2004, agents from CBP and DHS, including O'Neill, a CBP agent at Pittsburgh International Airport, appeared at Shoman's place of business, J.C.S. Auto Sales, in Belle Vernon, Pennsylvania, and seized the following items: 94 Pachislo machines, 225,000 tokens, two boxes of keys for slots, one box of replacement bulbs and financial records relating to Shoman's Pachislo machine sales.

Immediately after the seizure, Shoman contacted CBP and DHS and informed the agencies that Pachislo machines were legal under federal, state and local laws. Shoman also provided written proof of the legality of Pachislo machines to O'Neill. After O'Neill consulted the Attorney General of Pennsylvania and the Allegheny County District Attorney's Office, he admitted to Shoman that his property had been seized in error because the Pachislo machines were not illegal slot machines. O'Neill also informed Shoman that he would be receiving documents to facilitate the return of his property.

On September 15, 2004, Goldberg, a Fines, Penalties and Forfeitures Officer for CBP, sent a "Notice of Seizure and Information to Claimants" to Shoman. In the September 15th

notice, Goldberg stated that Shoman's Pachislo machines had been seized because "it has been determined that the property constitutes gambling devices which require registration with the Attorney General's Office prior to importation." Goldberg's notice also stated that Shoman "failed to acquire said registration in a timely manner and the property is prohibited from importation in accordance with [15 U.S.C. §§ 1173 and 1177]."

Shoman filed a timely petition for administrative relief with CBP's Fines, Penalties and Forfeitures section. In the petition, Shoman again informed CBP and DHS that Pachislo machines are not "gambling devices" as defined in 15 U.S.C. § 1171 because the machines lack an "element of chance." Rather, Pachislo machines are "skill stop" machines which are commonly sold in retail stores throughout the United States and for which wholesalers are not required to register. In the petition, Shoman also offered to pay the appraised domestic value of the seized property for its return; however, CBP, DHS and Goldberg refused to accept the offer.

Shoman contacted Goldberg by telephone every month following the submission of his petition for administrative relief, but she never provided an explanation for the continued retention of his property. On November 22, 2005, Goldberg, on behalf of CBP and DHS, issued a decision granting Shoman's petition for

administrative relief which stated that "the forfeiture is remitted in full and all storage charges will be waived." At no time after Shoman's property was seized or after his petition for administrative relief was filed did CBP or DHS schedule a hearing or administrative proceeding to provide Shoman with an opportunity to be heard.

CBP and DHS retained possession of Shoman's property for 18 months, releasing the property on January 12, 2006. Shoman was required to hire a freight transfer company to transport the Pachislo machines from Edison, New Jersey, where they were being stored, to his warehouse in Belle Vernon, Pennsylvania at a cost of $3,673.00.

### III

With respect to the standards applicable to Defendants' motion to dismiss, a motion alleging lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may be treated as either a facial or factual challenge. In evaluating a facial challenge, the court may only consider the complaint and any authentic documents attached or referred to in the complaint. Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir.1993). However, when the challenge is factual, the court may look to evidence beyond the pleadings, such as affidavits, depositions and testimony. Gotha v. United States, 115 F.3d 176, 179 (3d Cir.1997). The plaintiff has the

burden of establishing that jurisdiction does, in fact, exist. Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1991).

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of a complaint. Powell v. Ridge, 189 F.3d 387, 394 (3d Cir.1999). In deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true the facts pleaded in the complaint and any reasonable inferences derived from those facts. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir.2000). Additionally, the court is to construe the complaint in the light most favorable to the plaintiff. Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). However, the court is not required to accept as true legal conclusions or unwarranted factual inferences. Doug Grant, Inc. v. Great Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000).

**IV**

## Section 1983 Claim

Section 1983 provides in pertinent part:

### § 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress, ...

42 U.S.C. § 1983.

Count I of Shoman's complaint asserts a Section 1983 claim against Defendants based on the alleged unlawful seizure and retention of his property without due process of law.

Section 1983 is derived from the Civil Rights Act of 1871, which was enacted to enforce the Fourteenth Amendment. The Civil Rights Act of 1871 is addressed only to the State and to those acting under color of State authority. It is well established that liability under Section 1983 will not attach for actions taken under color of federal law. *See* Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir.2001). Because Shoman's complaint alleges that Defendants were acting under federal authority with respect to the seizure and retention of his property without due process of law, he has failed to state a claim upon which relief may be granted under Section 1983. Thus, Defendants are entitled to the dismissal of Shoman's Section 1983 claim.

Although Shoman has failed to state a claim against Defendants under Section 1983, the allegations of his complaint do support a federal common law claim commonly referred to as a *Bivens* action. *See* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)(Complaint alleging that agents of Federal Bureau of Narcotics, acting under color of federal authority, made warrantless entry of petitioner's

apartment, searched the apartment and arrested him on narcotic

charges, all without probable cause, stated federal cause of

action under the Fourth Amendment for damages recoverable upon

proof of injuries resulting from agents' violation of that

Amendment). Under the circumstances, the dismissal of Shoman's

Section 1983 claim will be without prejudice to his right to file

an amended complaint to state a *Bivens* action. However, if he

chooses to file an amended complaint, Shoman should keep in mind

that a *Bivens* action cannot be brought against federal agencies,

such as CBP and DHS. A *Bivens* action is limited to federal

agents. *See* <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471,

484-86 (1994).

## Section 1985(3) Claim

Count II of Shoman's complaint asserts a claim against

Defendants under Section 1985(3), which provides in pertinent

part:

### § 1985. Conspiracy to interfere with civil rights

\* \* \*

### (3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire
or go in disguise on the highway or on the premises of
another, for the purpose of depriving, either directly or
indirectly, any person or class of persons of the equal
protection of the laws; ..., whereby another is injured in
his person or property, or deprived of having and exercising
any right or privilege of a citizen of the United States,
the party so injured or deprived may have an action for the

8

recovery of damages occasioned by such injury or
deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

In the present case, Shoman asserts that Defendants conspired to
deprive him of the equal protection of the laws.

Unlike Section 1983, State action is not a prerequisite to
liability under Section 1985(3). Griffin v. Breckenridge, 403
U.S. 88 (1971). Nevertheless, absent a waiver of sovereign
immunity, the Federal government is shielded from suit under
Section 1985(3). Federal Deposit Ins. Corp. v. Meyer, 510 U.S.
471, 475 (1994). Because there is no waiver of sovereign
immunity with respect to claims under Section 1985(3), CBP, DHS
and O'Neill and Goldberg in their official capacities are immune
from suit under Section 1985(3). Del Raine v. Carlson, 826 F.2d
698, 703 (7th Cir.1987), citing, Kentucky v. Graham, 473 U.S.
159, 165-67 (1985)(Federal officials cannot be sued in their
official capacities under Section 1985 because a suit against a
federal official in his official capacity is a suit against the
United States and the United States cannot be sued under Section
1985). Therefore, the Court lacks subject matter jurisdiction
over Shoman's Section 1985(3) claim against CBP, DHS and O'Neill
and Goldberg in their official capacities.

Although federal officials, such as O'Neill and Goldberg,
can be sued in their individual capacities under Section 1985(3),
a mere allegation of conspiracy is insufficient to maintain such

9

a claim. In order to support a claim under Section 1985(3) against federal officials in their individual capacities, a plaintiff must allege that he is a member of a statutorily protected class and that the defendants' actions stem from the plaintiff's membership in the class. *See, e.g.,* Aulson v. Blanchard, 83 F.3d 1 (1st Cir.1996)(To state claim under statute prohibiting conspiracy to interfere with civil rights by depriving persons of rights or privileges, plaintiffs must allege that conduct complained of resulted from invidiously discriminatory class-based animus, regardless of whether alleged conspiracy involved public officials, private actors, or both); Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085 (2d Cir.1993)(For plaintiff to make out § 1985(3) claim, conspiracy must be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind conspirators' action).

A review of Shoman's Section 1985(3) claim reveals absolutely no allegation of invidious racial or other class-based discrimination. In fact, the entirety of Shoman's Section 1985(3) claim is set forth in the following single sentence: "The CBP/HLS, O'Neill and Goldberg, did conspire, directly or indirectly, to deprive Shoman from the equal protection of the laws and exercising all rights and privileges of a citizen of the United States of America." This allegation is woefully

10

inadequate to state a claim against O'Neill and Goldberg in their individual capacities under Section 1985(3).

**Claim under the Pennsylvania Constitution**

In Count III of his complaint, Shoman asserts a claim against Defendants for the alleged violation of rights secured to him under Article 1, Sections 1, 3 and 9 of the Pennsylvania Constitution.[3] After consideration, the Court concludes that it lacks subject matter jurisdiction over Shoman's claim under the Pennsylvania Constitution.

First, as discussed in connection with Shoman's Section 1985(3) claim against CBP, DHS and O'Neill and Goldberg in their official capacities, a plaintiff may not assert a cause of action against the United States or a federal officer in his official capacity unless the United States has waived sovereign immunity, and there has been no showing that the United States has waived its sovereign immunity as to State constitutional claims. *See* United States v. Mitchell, 445 U.S. 535, 538 (1980)(*quoting* United States v. King, 395 U.S. 1, 4 (1969))("A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'").

---

[3] Article 1, Sections 1, 9 and 13 of the Pennsylvania Constitution relate to "Inherent rights of mankind," "Rights of accused in criminal prosecutions," and "Bail, fines and punishment," respectively. The Court notes that Sections 9 and 13 of Article 1 of the Pennsylvania Constitution are not implicated by the factual allegations in Shoman's complaint.

Second, while Shoman may pursue a *Bivens* action against O'Neill and Goldberg in their individual capacities, he may not sue these Defendants in their individual capacities for alleged violations of the Pennsylvania Constitution. *See* Chin v. Wilhelm, 291 F.Supp.2d 400 (D.Md.2003)(Business owner could not sue federal officer in his individual capacity for allegedly conducting illegal search of his person, business and vehicles in violation of state constitution); Hightower v. United States, 205 F.Supp.2d 146 (S.D.N.Y.2002)("Although the complaint indicates that plaintiff's constitutional claims purport to be brought under 42 U.S.C. § 1983 and/or the New York State Constitution, they are properly construed as *Bivens* claims for violations of the United States Constitution, because the defendants are all federal employees acting under federal law."); Rich v. United States, 158 F.Supp.2d 619 (D.Md.2001)("When a plaintiff has failed to establish a waiver of sovereign immunity, a federal court lacks jurisdiction to hear the case; accordingly, plaintiff's claims under Section 1983 and the Maryland Declaration of Rights must be dismissed); State of Vermont v. Coburn, 165 Vt. 318, 683 A.2d 1343 (1996)(The Vermont Constitution does not apply to the conduct of federal government officials acting under the exclusive federal authority to safeguard the borders of the United States). Based on the

12

foregoing, Defendants are entitled to the dismissal of Shoman's claim under the Pennsylvania Constitution.

**Claim for Tortious Interference with an Existing Contract**

Finally, in Count IV of the complaint, Shoman asserts a state law claim against Defendants for tortious interference with an existing contract. After consideration, the Court concludes that Shoman has failed to state a claim with respect to Count IV of his complaint.

As noted by Defendants, the Federal Tort Claims Act creates a limited waiver of sovereign immunity for claims against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). *See* United States v. Orleans, 425 U.S. 807 (1976)(Federal Tort Claims Act is a limited waiver of sovereign immunity making the federal government liable to the same extent as a private party for certain torts of federal employees acting in the scope of their employment).[4] Because the United States is the only proper party in an action brought under the Federal Tort Claims Act, *see* 28

---

[4] Shoman's complaint is devoid of any allegation that O'Neill and Goldberg were acting outside the scope of their employment with CBP in connection with the events giving rise to this litigation.

13

U.S.C. § 2679, Defendants are entitled to the dismissal of Count IV of Shoman's complaint.

_William L. Standish_
William L. Standish
United States District Judge

Date: _24 January 2008_

cc: Counsel of Record